UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES K. SEREIKA,

                        Plaintiff,

-v-

STELLA REPAPINOS-SKLIAS, JOHN RAPP, JOHN COPULOS and JOY COPULOS,

                        Defendants.

Case No.: 08 Civ. 4272

## DEFENDANTS' ANSWER

Defendants Stella Repapinos-Sklias, John Rapp, John Copulos and Joy Copulos (collectively, "Defendants"), by and through their attorneys Pryor Cashman LLP, as and for their answer to the Complaint of plaintiff Charles K. Sereika ("Plaintiff"), allege as follows:

1.    Admit the allegations set forth in Paragraph "1" of the Complaint except deny that Plaintiff was, at all times mentioned in the Complaint, domiciled in and a citizen of the State of Florida.

2.    Deny each and every allegation set forth in Paragraph "2" of the Complaint except admit that Plaintiff purports to base jurisdiction on diversity of the parties.

### FIRST COUNT

3.    Paragraph "3" of the Complaint contains no allegations of fact requiring a response.

4.    Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "3" hereinabove in response to Paragraph "4" of the Complaint as if the same were fully set forth at length herein.

*735666v2*

5. Admit that an irrevocable trust was created for the benefit of Plaintiff on or about January 1, 2003 (the "Trust"), which was drafted by attorney Lawrence Rothenberg who represented both Plaintiff and defendant Joy Copulos; otherwise deny each and every remaining allegation set forth in Paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Admit that the following properties were transferred into the Trust: 270 East 78th Street, New York, New York; 37-15 Broadway, New York, New York; and 357 East 58th Street, New York, New York; otherwise deny each and every remaining allegation set forth in Paragraph "7" of the Complaint

8. Admit that the "trustees are charged with collection and distribution of income generated by the corpus of the trust" and that the income is to be distributed to Plaintiff "as they, in their <u>absolute</u> <u>discretion</u>, deem in [Plaintiff's] best interests" (emphasis added); otherwise deny each and every remaining allegation set forth in Paragraph "8" of the Complaint

9. Admit that Plaintiff engaged the services of Patricia A. Baldwin, Esq. in Port St. Lucie, Florida but deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning why the Plaintiff engaged the attorney's services; otherwise deny each and every remaining allegation set forth in Paragraph "9" of the Complaint.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint and refer the Court to the letter attached as Exhibit "B" to the Complaint, which speaks for itself.

11. Deny each and every allegation set forth in Paragraph "11" of the Complaint.

12. Admit that defendants Stella Repapinos-Sklias, John Rapp and Joy Copulos each own a beneficial interest in the properties that are held in the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "12" of the Complaint

13. Deny each and every allegation set forth in Paragraph "13" of the Complaint.

14. Admit that defendants Stella Repapinos-Sklias, John Rapp and Joy Copulos have access to information concerning the properties that are held in the Trust and refer the Court to the letter attached as Exhibit "B" to the Complaint, which speaks for itself; otherwise deny each and every remaining allegation set forth in Paragraph "14" of the Complaint.

15. Submit that to the extent Paragraph "15" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

16. Deny each and every allegation set forth in Paragraph "16" of the Complaint.

## SECOND COUNT

17. Admit that Defendants own property or an interest in companies that hold property in the State of New York, including in the New York City area; otherwise deny each and every remaining allegation set forth in Paragraph "17" of the Complaint.

18. Deny each and every allegation set forth in Paragraph "18" of the Complaint.

19. Deny each and every allegation set forth in Paragraph "19" of the Complaint and submit that the allegations are vague and ambiguous.

20. Deny each and every allegation set forth in Paragraph "20" of the Complaint.

21. Submit that to the extent Paragraph "21" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

22. Submit that to the extent Paragraph "22" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

23. Deny each and every allegation set forth in Paragraph "23" of the Complaint.

### THIRD COUNT

24. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "23" hereinabove in response to Paragraph "24" of the Complaint as if the same were fully set forth at length herein.

25. Admit that Defendants own property or an interest in companies that hold property in the New York City area; otherwise deny each and every remaining allegation set forth in Paragraph "25" of the Complaint.

26. Deny each and every allegation set forth in Paragraph "26" of the Complaint.

27. Deny each and every allegation set forth in Paragraph "27" of the Complaint and submit that the allegations are vague and ambiguous.

28. Deny each and every allegation set forth in Paragraph "28" of the Complaint and submit that the allegations are vague and ambiguous.

29. Admit that defendants Stella Repapinos-Sklias, John Copulos and Joy Copulos are trustees of the Trust and that Plaintiff is the settlor of the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "29" of the Complaint.

30. Deny each and every allegation set forth in Paragraph "30" of the Complaint.

31. Deny each and every allegation set forth in Paragraph "31" of the Complaint.

32. Submit that to the extent Paragraph "32" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

33. Deny each and every allegation set forth in Paragraph "33" of the Complaint.

## FOURTH COUNT

34. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "33" hereinabove in response to Paragraph "34" of the Complaint as if the same were fully set forth at length herein.

35. Submit that to the extent Paragraph "35" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

36. Deny each and every allegation set forth in Paragraph "36" of the Complaint and submit that the allegations are vague and ambiguous.

37. Deny each and every allegation set forth in Paragraph "37" of the Complaint.

38. Deny each and every allegation set forth in Paragraph "38" of the Complaint.

39. Deny each and every allegation set forth in Paragraph "39" of the Complaint.

## FIFTH COUNT

40. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "39" hereinabove in response to Paragraph "40" of the Complaint as if the same were fully set forth at length herein.

41. Submit that to the extent Paragraph "41" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

42. Admit that defendant Repapinos-Sklias is a member of the limited liability companies that own the properties in the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "42" of the Complaint.

43. Admit that defendant Repapinos-Sklias is a member of the limited liability companies that own the properties in the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "43" of the Complaint.

44. Admit that, since she became a trustee of the Trust, defendant Repapinos-Sklias has signed each of the checks drawn on the Trust account that were issued to Plaintiff; otherwise deny each and every remaining allegation set forth in Paragraph "44" of the Complaint.

45. Submit that to the extent Paragraph "45" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

46. Deny each and every allegation set forth in Paragraph "46" of the Complaint.

47. Deny each and every allegation set forth in Paragraph "47" of the Complaint.

48. Deny each and every allegation set forth in Paragraph "48" of the Complaint.

## SIXTH COUNT

49. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "48" hereinabove in response to Paragraph "49" of the Complaint as if the same were fully set forth at length herein.

50. Submit that to the extent Paragraph "50" of the Complaint calls for a legal conclusion, no response is required; otherwise deny each and every remaining allegation.

51. Admit that defendant Joy Copulos is a member of the limited liability companies that own the properties in the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "51" of the Complaint.

52. Admit that defendant Joy Copulos is a member of the limited liability companies that own the properties in the Trust; otherwise deny each and every remaining allegation set forth in Paragraph "52" of the Complaint.

53. Deny each and every allegation set forth in Paragraph "53" of the Complaint.

54. Deny each and every allegation set forth in Paragraph "54" of the Complaint.

55. Deny each and every allegation set forth in Paragraph "55" of the Complaint.

56. Deny each and every allegation set forth in Paragraph "56" of the Complaint.

57. Deny each and every allegation set forth in Paragraph "57" of the Complaint.

### SEVENTH COUNT

58. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "57" hereinabove in response to Paragraph "58" of the Complaint as if the same were fully set forth at length herein.

59. Deny each and every allegation set forth in Paragraph "59" of the Complaint.

60. Deny each and every allegation set forth in Paragraph "60" of the Complaint.

61. Deny each and every allegation set forth in Paragraph "61" of the Complaint.

62. Deny each and every allegation set forth in Paragraph "62" of the Complaint.

63. Deny each and every allegation set forth in Paragraph "63" of the Complaint.

64. Deny each and every allegation set forth in Paragraph "64" of the Complaint.

65. Deny each and every allegation set forth in Paragraph "65" of the Complaint.

### EIGHTH COUNT

66. Repeat, reallege and reiterate each and every response contained in Paragraphs "1" through "65" hereinabove in response to Paragraph "66" of the Complaint as if the same were fully set forth at length herein.

67. Deny each and every allegation set forth in Paragraph "67" of the Complaint.

68. Deny each and every allegation set forth in Paragraph "68" of the Complaint.

69. Deny each and every allegation set forth in Paragraph "69" of the Complaint.

70. Deny each and every allegation set forth in Paragraph "70" of the Complaint.

71. Deny each and every allegation set forth in Paragraph "71" of the Complaint.

72. Deny each and every allegation set forth in Paragraph "72" of the Complaint.

73. Deny each and every allegation set forth in Paragraph "73" of the Complaint.

74. Paragraph "74" of the Complaint contains no allegations of fact requiring a response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. Plaintiff fails to state any claim on which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

79. Defendants reserve the right to assert any other such affirmative defenses in the event that discovery indicates that they are proper.

Dated: New York, New York
July 15, 2008

PRYOR CASHMAN LLP

By: /s/ Nia J.C. Castelly
Kenneth A. Schulman
kschulman@pryorcashman.com
Nia J.C. Castelly
ncastelly@pryorcashman.com

410 Park Avenue
New York, New York 10022
(212) 421-4100

*Attorneys for Defendants*